UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RIVAS MENDIZABAL,<br>    Plaintiff,<br><br>    v.<br><br>FARIA MEAT MARKET LLC,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26-cv-062-JJM-AEM |

AMENDED MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Carmen Rivas Mendizabal brings this suit against her former employer, Faria Meat Market, LLC ("Faria Market"), alleging she was subjected to ongoing wage theft, sexual harassment, physical assault in the workplace, and unlawful retaliation that led to her termination. Her claims are brought under the Rhode Island Civil Rights Act ("RICRA"), the Rhode Island Payment of Wages Act ("RIPWA"), the Rhode Island Minimum Wage Act ("RIMWA"), and the Fair Labor Standards Act ("FLSA"). Faria Market has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court denies Faria Market's motion.

I.    BACKGROUND

Ms. Mendizabal was employed by Faria Market as a cook and alleges that she regularly worked more than 60 hours per week. ECF No. 1 ¶¶ 17-18. She alleges that, although Faria Market purported to pay her on an hourly basis, they compensated her for only 40 hours at a straight rate through direct deposit and paid

a flat cash amount for all additional hours worked, regardless of the number of overtime hours. *Id.* ¶¶ 19-20. She states that this compensation scheme functioned as a fixed salary and resulted in her receiving less than the legally required overtime premium. *Id.* ¶¶ 20, 22. According to the Complaint, despite an increase in her stated hourly rate during her employment, Faria Market maintained the same pay structure, causing her to be consistently underpaid for overtime over several years. *Id.* ¶ 21.

Ms. Mendizabal further alleges that she was subjected to repeated sexual harassment and physical assaults by a coworker who was related to Faria Market's owners. *Id.* ¶ 25. She states that conduct included unwelcomed sexual harassment and physical assault, creating a hostile and abusive work environment. *Id.* ¶¶ 26-27. She alleges that she reported this conduct to Faria Market's management and to law enforcement, but Faria Market failed to take appropriate remedial action. *Id.* ¶¶ 28-30. She further alleges that, shortly after making these complaints, Faria Market terminated her employment in retaliation. *Id.* ¶¶ 32-33. She states that Faria Market maintained policies and practices that failed to comply with wage and hour laws, tolerated workplace harassment, and retaliated against employees who engaged in protected activity thereby causing her significant damages. *Id.* ¶¶ 36, 38-40.

2

## II.    STANDARD OF REVIEW[1]

To survive a motion to dismiss under Rule 12(b)(6), Ms. Mendizabal must lay out a "plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In other words, she must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint sets forth a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In evaluating a claim's plausibility, the Court must "assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).

## III.    DISCUSSION

### A. Wage and Hour Law Claims

Ms. Mendizabal alleges that Faria Market violated the FLSA, RIPWA, and RIMWA. First, Faria Market argues that the FLSA claim fails to state a claim on its face and is barred by the applicable statute of limitations. Second, Faria Market argues, in the alternative, that the RIPWA claim is preempted by the FLSA, thereby

---

[1] The Court agrees with Ms. Mendizabal's argument that, because Faria Market filed its Answer with its Motion to Dismiss, the pleadings are closed, and the Motion is properly considered under Rule 12(c). However, characterization as a Rule 12(b)(6) motion or a Rule 12(c) motion is substantively unimportant – "[t]he standard of review of a motion for judgment on the pleadings under [Rule] 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). The federal rules explicitly allow a motion to dismiss for failure to state a claim to be raised in a Rule 12(c) motion. *See* Rule 12(h)(2)(B).

foreclosing relief under the corresponding state law. Lastly, they argue that the RIMWA claim must be dismissed because the statute does not provide a private right of action.

### 1.    FLSA (Count I)

Ms. Mendizabal states that Faria Market failed to pay her overtime premium for the hours worked more than 40 per week in violation of the FLSA, 29 U.S.C. § 207. Specifically, she alleges she was paid a $100 flat fee in cash per week for all overtime hours.

Section 207(a)(1) of the FLSA "requires employers to compensate employees for each hour worked more than forty hours during a workweek 'at a rate not less than one and one-half times the regular rate at which [they are] employed.'" *Lalli v. Gen. Nutrition Ctrs., Inc.*, 814 F.3d 1, 2 (1st Cir. 2016) (quoting 29 U.S.C. § 207(a)(1)) (alteration in original). To succeed on a claim for unpaid overtime wages, Plaintiffs must show that they were "employed 'for a workweek longer than forty hours' and that any hours worked more than forty per week were not compensated 'at a rate not less than one and one-half times the regular rate.'" *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). Plaintiff must also show that the employer had actual or constructive knowledge of that work. *Manning*, 725 F.3d at 44.

Here, the Complaint alleges that Ms. Mendizabal worked approximately 66 to 72 hours per week and identifies her hourly rate, Faria Market's alleged pay scheme, her estimated weekly overtime shortfall, and the relevant period. *Id.* ¶ 18. It further

4

alleges that for about 4 years, Faria Market paid only 40 hours at her normal hourly rate and gave a flat $100 cash payment for overtime, regardless of hours worked. *Id.* ¶¶ 20-24. She also identifies her hourly rates over time and estimates weekly unpaid overtime. *Id.* The Complaint also alleges that Faria Market created and managed the payment system, overseeing both the direct deposit and weekly cash payments. *Id.* ¶¶ 20-22. These facts, taken in toto, are sufficient to establish a plausible inference of Faria Market's knowledge.

Furthermore, under the FLSA, an action for unpaid compensation must commence within two years after a cause of action accrues and three years if the cause of action arises out of a willful violation. *See* 29 U.S.C. § 255(a). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Faria Market denies that they knew or recklessly disregarded state of federal law. Ms. Mendizabal maintains that Faria Market carried out a deliberate multi-year scheme to disguise a fixed weekly salary as hourly pay specifically to avoid overtime obligations. ECF No. 1 ¶¶ 22, 36-41. Willfulness is genuinely disputed and is more appropriately resolved on more fully developed factual records, typically available at summary judgment or trial. *Sebren v. Harrison*, 552 F. Supp. 3d 249, 259 (D.R.I. 2021).

Taken as a whole, those allegations supporting the FLSA claim are sufficient to survive a motion to dismiss and warrant application of the three-year statute of limitations.

### 2.    FLSA Preemption (Count II)

Ms. Mendizabal brings a claim under RIPWA, R.I. Gen. Laws § 28-14-1 et seq., alleging that Faria Market failed to properly compensate her for overtime wages. Faria Market argues that the RIPWA claim is preempted by FLSA because it relies on the same factual allegations — failure to pay proper overtime compensation.

"The FLSA does not expressly prohibit state legislation in the area of wages and working conditions," *Maccabees Mut. Life Ins. Co. v. Perez-Rosado*, 641 F.2d 45, 46 (1st Cir. 1981), nor does its plain text expressly preempt state-law claims seeking relief for minimum wage and overtime violations, *see* 29 U.S.C. § 216(b).[2]  The mere fact that both claims arise from the same alleged unpaid wages does not render them legally indistinguishable, nor does it furnish a basis for preemption.   At the appropriate juncture, while Ms. Mendizabal may not obtain duplicative recovery for the same injury under both federal and state overtime statutes, they are nonetheless entitled to plead their claim in the alternative. *See generally Maccabees Mut. Life Ins. Co.,* 641 F.2d at 46.

Faria Market's reliance on *Seavey* is unpersuasive. *See Seavey v. A Caring Experience Nursing Servs., Inc.*, No. CV 15-342ML, 2016 WL 11652882, at *10 (D.R.I.

---

[2] It also does not "implicitly prohibit state regulation by occupying the whole field and leaving no room for supplementary state provisions." *Maccabees Mut. Life Ins. Co.*, 641 F.2d at 46.

Feb. 29, 2016).  Accepting Faria Market's position would nullify Rhode Island's wage enforcement scheme for any worker who also holds federal overtime rights, a result that cannot be reconciled with the text of 29 U.S.C. § 218(a) or Congress's intent to permit states to provide protection above the federal floor.  Thus, the RIPWA claim should proceed.

### 3.    RIMWA (Count III)

Faria Market argues that Ms. Mendizabal cannot state a claim for overtime violations because R.I. Gen. Laws § 28–12–1 et seq. provides no private, independent cause of action for an aggrieved employee seeking overtime pay.  However, Ms. Mendizabal's Count III is premised on the Defendant's alleged failure to pay overtime wages under the Rhode Island Minimum Wage Act (R.I. Gen Laws § 28-12-1 et seq.).  There is a private right of action for violation of the RIMWA.  R.I. Gen. Laws § 28-14-19.2 ("Any employee or former employee, or any organization representing the employee or former employee aggrieved by the failure to pay wages and/or benefits or misclassification in violation of chapter 12 of this tittle and/or this chapter may file a civil action in any court of competent jurisdiction to obtain relief.").  Faria Market motion to dismiss Count III is denied.

### B.  Hostile Work Environment (Count IV)

Ms. Mendizabal also claims that she was subject to a hostile work environment when she was subjected to unwelcome sexual harassment and physical assault by a male coworker.

"To make out a prima facie case of a hostile work environment, [a plaintiff] must point to evidence showing, inter alia, that facts and circumstances of her employment viewed objectively were so 'severe,' 'pervasive,' and 'abusive' as to 'alter the conditions' of her job." *Bhatti v. Trs. of Bos. Univ.*, 659 F.3d 64, 73 (1st Cir. 2011) (quoting *Vega-Colon v. Wyeth Pharmaceuticals*, 625 F.3d 22, 32 (1st Cir. 2010)). However, a "plaintiff need only show that her work environment was severe or that it was pervasive." *Roy v. Correct Care Sols., LLC*, 914 F.3d 52, 64 (1st Cir. 2019).

Courts consider several factors "including the frequency and severity of the discriminatory conduct, whether it was physically threatening or humiliating, and whether it unreasonably interfered with [the plaintiff's] work performance." *Kosereis v. Rhode Island*, 331 F.3d 207, 216 (1st Cir. 2003). The "'accumulated effect' of behaviors that individually fall short may, taken together, constitute a hostile work environment." *Maldonado-Catala v. Municipality of Naranjito*, 876 F.3d 1, 12 (1st Cir. 2017). Further, the Court is conscious of its role at this stage of the proceedings. "At the motion to dismiss phase in particular, subject to some policing at the outer bounds, the issue of whether harassment was severe or pervasive is commonly one of degree–both as to severity and pervasiveness–to be resolved by the trier of fact." *Rae v. Woburn Pub. Schs.*, 113 F.4th 86, 111 (1st Cir. 2024) (quotation omitted).

Ms. Mendizabal sufficiently alleges that a coworker who was related to Faria Market subjected her to a hostile work environment by: (a) inappropriate touching without consent; (b) physically slamming her against a wall; (c) pulling her by the hair; (d) attempting to suffocate her; and (e) closing a door on her hand, causing

8

physical injury. ECF No. 1 ¶ 26. Given the frequency of the harassment and violent nature, the allegations state a claim based on a hostile work environment.

Furthermore, Faria Market's timeliness argument is likewise unpersuasive. Under the continuing violation doctrine, a plaintiff may recover for otherwise time barred acts of discrimination "so long as a related act fell within the limitations period." *Ayala v. Shinseki*, 780 F.3d 52, 57 (1st Cir. 2015). A hostile work environment is a "classic example of a continuing violation" because the actionable wrong consists of an accumulation of "'individual acts that, taken together, create the environment.'" *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 130 (1st Cir. 2009). Thus, all the "component acts" alleged in a hostile work environment claim may be considered in determining liability, even if some occurred outside the limitations period. *Id.*

Here, Ms. Mendizabal stated she was subjected to abusive working conditions throughout her employment. While some of the alleged acts began outside the limitations period, she alleges that they culminated in her termination, which occurred in May 2023. As already explained, Ms. Mendizabal has sufficiently alleged that her termination was connected to the prior sexual harassment and physical assault. Thus, she has sufficiently alleged a severe and pervasive hostile work environment, and the continuing violation doctrine applies.

## C. Retaliation Claim (Count V)

To state a prima facie case of retaliation, Ms. Mendizabal must allege that "(1) [she] engaged in protected activity, (2) [she] suffered some materially adverse action,

9

and (3) the adverse action was causally linked to her protected activity." *Dunbar v. Providence Coll.*, No. CV 24-251 WES, 2025 WL 1687595, at *7 (D.R.I. June 16, 2025) (quoting *Stratton v. Bentley Univ.*, 113 F.4th 25, 41–42 (1st Cir. 2024). In addition, a termination constitutes an adverse employment action. *Kinzer v. Whole Foods Market, Inc.*, 99 F.4th 105, 117 (1st Cir. 2024). Further, temporal proximity between the protected conduct and the adverse employment action "is sufficient to meet the relatively light burden of establishing a prima facie case of retaliation." *Id.* (cleaned up).

Ms. Mendizabal's factual allegations sufficiently support a claim for retaliation. On or around May 2023, she complained to Faria Market's management about the assaults and harassment and reported it to the police concerning the same issues. ECF No. ¶ 47. She further states that shortly thereafter her employment was terminated. *Id.* At this stage, these allegations state a claim based on a hostile work environment. As with the hostile work environment claim, the statute of limitations argument fails. Ms. Mendizabal retaliation claim encompasses alleged acts of harassment throughout her employment, which she plausibly connects to her termination in May 2023. Thus, the continuing violation doctrine applies.

## IV.   CONCLUSION

For all these reasons, the Court DENIES Defendant Faria Meat Market LLC's Motion to Dismiss (ECF No. 8).

10

IT IS SO ORDERED.


*s/John J. McConnell, Jr.*


_____

John J. McConnell, Jr.
Chief Judge
United States District Court


April 9, 2026

11